**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COQUI TECHNOLOGIES, LLC<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GYFT, INC.<br>　　　　　　　　　Defendant. | Civil Action No. 2:16-cv-1194<br><br>**JURY TRIAL DEMANDED**<br><br>**ANSWER** |

**DEFENDANT GYFT, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
IN RESPONSE TO COQUI TECHNOLOGIES, LLC'S COMPLAINT**

Defendant Gyft, Inc. ("Gyft") answers Plaintiff Coqui Technologies, LLC's ("Plaintiff") Complaint as follows, denying Plaintiff's allegations and averments except that which is expressly admitted herein:

**PARTIES**

1.　　Gyft is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.　　Gyft admits that it is a Delaware Corporation with a place of business at 150 W. Evelyn Ave., Ste. 300, Mountain View, CA 94041. Gyft admits that Corporation Service Company, located at 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808, is its registered agent. Gyft denies the remaining allegations of paragraph 2.

**JURISDICTION AND VENUE**

3.　　Gyft admits that Plaintiff's Complaint purports to state a cause of action under the patent laws of the United States, Title 35 of the United States Code. Gyft admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Gyft admits that it has sold products and/or services in the Eastern District of Texas, but denies the remaining allegations of paragraph 4. Gyft denies that venue is proper in this district and denies the remaining allegations of paragraph 4.

5. This paragraph states legal conclusions with respect to specific and general personal jurisdiction, to which no answer is required. To the extent an answer is required, denied. Gyft denies that it has committed acts of patent infringement in this district. Gyft admits that it has sold products and/or services to customers in the Eastern District of Texas, but denies that its "principle [sic] place of business" is in Texas. Gyft denies the remaining allegations of paragraph 5.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,580,864

6. Gyft admits that U.S. Patent No. 7,580,864 (the "'864 Patent") is entitled "Method for Circulating an Electronic Gift Certificate in Online and Offline System" and purports to have issued on August 25, 2009. Gyft admits that a copy of the '864 Patent is attached as Exhibit A to the Complaint. Further, paragraph 6 states legal conclusions with respect to ownership of the '864 Patent to which no answer is required. Gyft denies the remaining allegations of paragraph 6.

7. Gyft admits that Hee-Jung Ahn is listed as the inventor of the '864 Patent on the face of the '864 Patent.

8. Gyft is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Gyft admits that it sells electronic gift cards, but denies that those sales and/or gift cards infringe the '864 Patent. Gyft denies the remaining allegations of paragraph 9.

10. Gyft denies that it has infringed or is infringing any valid claim of the '864 Patent in the State of Texas, the Eastern District of Texas, or elsewhere in the United States, directly or indirectly, literally or under the doctrine of equivalents. Gyft admits that it offers for sale and sells e-Gift Cards to customers in the United States. Gyft denies that sales of e-Gift Cards have caused injury to Plaintiff or that Gyft is liable for direct infringement of the '864 Patent. Gyft denies the remaining allegations of paragraph 10.

11. Gyft denies that its e-Gift Cards infringe claim 1 of the '864 Patent directly or indirectly, literally or under the doctrine of equivalents. Further, paragraph 11 states legal conclusions to which no answer is required. To the extent an answer is required, denied.

12. Gyft denies that its e-Gift Cards infringe claim 2 of the '864 Patent directly or indirectly, literally or under the doctrine of equivalents. Further, paragraph 12 states legal conclusions to which no answer is required. To the extent an answer is required, denied.

13. Gyft denies that its e-Gift Cards infringe claim 3 of the '864 Patent directly or indirectly, literally or under the doctrine of equivalents. Further, paragraph 13 states legal conclusions to which no answer is required. To the extent an answer is required, denied.

14. Gyft denies that its e-Gift Cards infringe claim 4 of the '864 Patent directly or indirectly, literally or under the doctrine of equivalents. Further, paragraph 14 states legal conclusions to which no answer is required. To the extent an answer is required, denied.

15. Gyft denies that its e-Gift Cards infringe claim 5 of the '864 Patent directly or indirectly, literally or under the doctrine of equivalents. Further, paragraph 15 states legal conclusions to which no answer is required. To the extent an answer is required, denied.

16. Gyft denies that it infringes the '864 Patent, and denies that it has caused monetary damages to Plaintiff. Gyft denies that Plaintiff is entitled to the compensation, royalty,

interest, or costs requested in paragraph 16. Gyft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and therefore denies them.

17. Gyft denies that it or its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith infringe the '864 Patent, directly or indirectly. Further, Paragraph 17 states legal conclusions regarding irreparable harm to which no answer is required. To the extent an answer is required, denied.

## PRAYER FOR RELIEF

Gyft denies that the Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## JURY TRIAL DEMANDED

Gyft joins the Plaintiff's request for a trial by jury on all issues so triable in this action.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Gyft specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE

(Failure to State a Claim for Relief)

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

(Non-infringement of the '864 Patent)

2. Gyft does not infringe and has not infringed (either directly, contributorily, or by inducement) any valid claim of the '864 Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

(Prosecution history estoppel and/or prosecution disclaimer)

3. Prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### FOURTH DEFENSE

(Invalidity)

4. The claims of the '864 Patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

### FIFTH DEFENSE

(Waiver, laches and/or estoppel)

5. The claims for relief are barred, in whole or in part, by waiver, laches, and/or estoppel.

### SIXTH DEFENSE

(Unclean hands)

6. The claims of the '864 Patent are unenforceable due to unclean hands.

### **COUNTERCLAIMS**

Gyft incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if fully set forth herein.  For its Counterclaims against the Plaintiff and upon information and belief, Gyft states as follows:

## THE PARTIES

1.  Defendant Gyft, Inc. ("Gyft") is a Delaware corporation with a place of business at 150 W Evelyn Ave, Suite 300, Mountain View, CA 94041.

2.  Plaintiff alleges in the Complaint that it is a Texas limited liability company with its principal place of business in McKinney, Texas.

## JURISDICTION AND VENUE

3.  Gyft brings these counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 that the '864 Patent has not been infringed and is not being infringed by Gyft and that the '864 Patent is invalid.

4.  Subject to Gyft's affirmative defenses and denials, Gyft alleges that to the extent this Court has jurisdiction over the Plaintiff's claims against Gyft, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.  This Court has personal jurisdiction over the Plaintiff.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b) because Plaintiff admits that it is a Texas limited liability company, having a principal place of business of 3001 S. Hardin Blvd., Ste. 110, McKinney, TX 75070.

## FACTUAL BACKGROUND

7.  In its Complaint, the Plaintiff asserts that Gyft has infringed U.S. Patent No. 7,580,864 ("the '864 patent").

8.  The '864 Patent is invalid and/or has not been and is not being infringed by Gyft, either directly or indirectly, literally or under the doctrine of equivalents.

9. There is an actual case or controversy between the parties over the non-infringement and invalidity of the '864 Patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,580,864

10. Gyft restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between Gyft and the Plaintiff as to whether the '864 Patent is not infringed by Gyft.

12. A judicial declaration is necessary and appropriate so that Gyft may ascertain its rights regarding the '864 Patent.

13. Gyft has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '864 Patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,580,864

14. Gyft restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

15. An actual case or controversy exists between Gyft and the Plaintiff as to whether the '864 Patent is invalid.

16. A judicial declaration is necessary and appropriate so that Gyft may ascertain its rights as to whether the '864 Patent is invalid.

17. The '864 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Gyft prays for judgment as follows:

a. A judgment dismissing the Plaintiff's Complaint against Gyft with prejudice;

b. A judgment in favor of Gyft on all of its Counterclaims;

c. A declaration that Gyft has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '864 Patent;

d. A declaration that the '864 Patent is invalid;

e. A declaration that this case is exceptional and an award to Gyft of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Gyft respectfully demands a jury trial of all issues triable to a jury in this action.

03/01/2017

By: */s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

Gregory H. Lantier
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6327
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

David C. Marcus
Jason F. Choy (Pro Hac Vice Application pending)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5312
Fax: (213) 443-5400
Email: david.marcus@wilmerhale.com
Email: jason.choy@wilmerhale.com

ATTORNEYS FOR GYFT, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV- 5(a)(3) on March 1, 2017. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                          */s/ Melissa R. Smith*